## THE CAVALIER.

### (District Court, E. D. New York, June 2, 1900.)

SALVAGE—DISTRIBUTION OF AWARD.

Libelants and respondents were associated in an enterprise to raise a sunken ship, to which libelants contributed the services of two tugs; the work to be done under the superintendence of one of the respondents, and the proceeds to be divided. After the enterprise had been entered upon, and the tugs were proceeding to the locality, one of them, temporarily in charge of the superintendent, discovered a schooner aground, and, under the direction of the superintendent, rendered salvage services in effecting her release. *Held*, that such services were entirely apart from the common undertaking, and the award therefor should be distributed between the owners and crew of the tug and the superintendent in his individual capacity, unaffected by the agreement under which the wrecking operations were being conducted.

In Admiralty. On application for distribution of award for salvage services.

Hyland & Zabriskie, for libelants.
Henry W. Goodrich, for respondents.

THOMAS, District Judge. On November 14, 1899, four persons entered into an agreement to raise the ship Macedonia, wrecked off Long Branch, and to divide the net profits of the undertaking. The libelants herein contributed to the enterprise two tugboats, the Lizzie Henderson and the Columbia; Miller, one of the respondents, contributed his time and skill, and was placed in charge of the enterprise; Ferguson, another respondent, contributed divers and diving apparatus, as well as his personal services; the Mineralized Rubber Company contributed a large amount of valuable bags, suitable for use in raising the vessel; and thereafter, to wit, on November 22, 1899, the respondent Harrison became related to the enterprise, and was entitled to receive one-sixteenth of the net proceeds. On the 1st day of December, 1899, the Lizzie Henderson and the Columbia came to Staten Island, having on board each of the above respondents, or a representative of such respondents. Both of such tugs were on the business of the enterprise. Upon arriving at Staten Island, the master of the Henderson went aboard the Columbia, which proceeded to New York. On the following day the Lizzie Henderson, while proceeding down the coast, discovered the schooner Cavalier ashore on False Shoals, Sandy Hook. Miller, superintendent of the general enterprise, directed the Henderson to go to her assistance, which she did, and under his supervision the tug was made fast to the schooner; but, before the latter was pulled off, the Columbia arrived, and transferred to the Henderson the latter's captain, who thereafter took charge of the salving operations in conjunction and consultation with Miller. The tug Columbia stood by, with the representatives of other respondents aboard, but rendered no service. The amount of salvage has been stipulated by all parties concerned at $1,100, and the question arises as to the manner in which it shall be distributed. The re-

spondents urge that the salvage money belongs to the persons interested in the enterprise of raising the Macedonia, and that distribution should be made according to the rights of the respondents to share in that enterprise. The tugs were a part of the common enterprise, but diverted therefrom by one of the four persons undertaking the salvage of the Macedonia, and the superintendent of that work, at the moment in actual command of the tug. Before the salvage of the schooner was completed, the usual master of the tug returned, and took charge of the work in the manner above stated.

It is concluded that the salvage service was quite apart from the raising of the Macedonia, to which the libelants had contributed their tugs, and that the award should be based upon the value of services rendered the schooner, according to usual rules. It is true that the tug would not have been permitted to go to the rescue of the schooner, had the superintendent forbade, but his permission was a consent on his part to divert the tug from the main undertaking; and, if the other parties did not consent thereto, their remedy would lie in a direction other than that of claiming the salvage award. The superintendent was without authority to use the tug for any other purpose than that connected with the raising of the Macedonia, and what he did must be regarded as having been done in his individual capacity, and whatever he earned was earned by him quite outside of the general enterprise to which he was attached. The same is true of the tug. It is considered that the award should be as follows: $200 to the crew of the tug, distributable according to their wages; $450 to the owner of the tug; and $450 to the superintendent who discovered the schooner, directed the tug to her, and performed the service of getting her off. The other respondents neither directly nor through representatives rendered any services. It is not understood that the court is asked to make a distribution as between them, but, for the purposes of a correct record, it is adjudged that the $450 earned by Miller shall be paid to him.